[No. 5222.]

## VALENTINE ALVISO ET AL. *v.* JESUS VALLESTERO ET AL.

SURVEY OF LAND. — In ascertaining the initial point of the survey of a tract of land from the field-notes, when there is no monument to indicate it, the monuments, courses, and distances of the other points and lines of·the survey are better and surer guides than the mere distance of the initial point from the southeast corner of a Government township.

APPEAL from the District Court, Third Judicial District, County of Alameda.

Ejectment to recover a tract of land in Alameda County. The plaintiff recovered judgment, and the defendant Lindy appealed. The other facts are stated in the opinion.

*J. W. Harding*, for the Appellant.

*N. Hamilton* and *Robert Y. Hayne*, for the Respondent.

By the COURT:

The title to the premises in controversy depends upon the location of the western boundary line of the Rancho Las Pocitas, and that line depends upon the position of the initial point of the survey of the rancho. It is described in the field-notes as the "corner to secs. five, six, thirty-one and thirty-two, on township line between townships two and three south, range two east, Mount Diablo meridian, mark post station number one, L. P." There is, in fact, no post at that point, nor any monument showing its exact position; and the real question is, as to the proper manner of ascertaining the initial point. The testimony of several surveyors was taken, and there is no reason to question the

correctness of any of their statements of facts; but they disagree in their opinions as to the proper mode for the finding of the initial point. The plaintiff's witnesses are of the opinion that the proper mode is to begin at the southeast corner of township two south, range two east, and run thence west on the township line five miles, and establish at that point the corner of the four sections above mentioned, as and for the initial point of the survey; and the surveyor, upon whose testimony the defendant principally relies, is of the opinion that other monuments and courses and distances mentioned in the field-notes may be resorted to as a means of finding the initial point of the survey, and that the proper mode is to follow, as far as possible, the steps taken by the surveyor who made the official survey of the rancho. The Court below seems to have adopted the opinion of the plaintiff's witnesses.

No monument was found at the southeast corner of the township; but by commencing at known corners on the range line, to the south of the corner, the corner was established with sufficient certainty. The southwest corner of the township was found—that is to say, the bearing trees were found, and from them the corner was ascertained. It was not proven that there are any section corners to be found on the southern line of the township. Measuring five miles from the southeast corner of the township, the initial point of the survey will be at the point claimed by the plaintiffs; but measuring from the southwest corner of the township, the distance mentioned in the field-notes—77.85 chains—the initial point will fall near the place claimed by the defendant—or, more accurately stated, 75 links to the east of that place. The contract for the survey of the rancho, and of the public land in that township, was given out to the Deputy Surveyor as one contract; and both surveys having been made at the same time, no reason occurs to us why, in ascertaining the initial point established by that survey, a surveyor should now be required to run from an established point five miles, rather than from a point as well, if not better established—the distance of 77.85 chains. In fact, there would be less probability of finding an error in the latter than in a line of the length of 400 chains. There are also other monuments,

courses, and distances in the survey, which tend strongly to show—and, as the case is now presented, conclusively show—that the point contended for by the defendant is the initial point of the survey. In running the western line of the rancho, if the point claimed by the defendant be assumed as the initial point, the line will, at 30 chains, pass a house which, in the field-notes, is described as bearing east 2.29 chains. In the patent, the house is described as bearing east 3.29 chains; and accepting the point claimed by the plaintiffs as the initial point, the house will be left to the east of the line 5.15 chains. Running north on the line claimed by the defendant, a brook is crossed at a distance which accords with the field-notes. This brook, to the west of that line, deflects to the south, and if the line be run from the point claimed by the plaintiffs, it will cross the brook at a distance 5.60 chains less than that given in the field-notes. Continuing the line 240.00 chains from the initial point claimed by the defendant, the northwest corner of the rancho is reached, at a point which is the same distance from a fence in the northern boundary as that mentioned in the field-notes; while by the line as run by the plaintiffs, the northwest corner will be 2.86 chains further from the fence than the distance mentioned in the field-notes. The monuments, courses, and distances above mentioned, together with the distance given in the field-notes as the distance of the initial point from the southwest corner of the township, are, in our opinion, better and surer guides to the initial point of the survey than the mere distance of that point from the southeast corner of the township.

Order reversed and cause remanded for a new trial. Remittitur forthwith.